IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM HEILMANN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN EXPRESS BANK, FSB, STARWOOD HOTELS & RESORTS WORLDWIDE, LLC, and PREFERRED GUEST, INC.,<br><br>Defendants. | No.: 1:17-cv-6942<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiff, WILLIAM HEILMANN, individually and on behalf of all others similarly situated, through his undersigned counsel, alleges for his Class Action Complaint against Defendants, AMERICAN EXPRESS BANK, FSB, STARWOOD HOTELS & RESORTS WORLDWIDE, LLC, and PREFERRED GUEST, INC. (collectively, "Defendants"), based upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including the investigation conducted by his counsel as follows:

### NATURE OF THE ACTION

1. This is a class action arising out of Defendants' failure to perform the material terms of an offer made to Plaintiff and other consumers comprising the class for a Starwood Preferred Guest® ("SPG")-branded American Express credit card; namely, the promise of 35,000 hotel loyalty points, called SPG Starpoints®, in exchange for $5,000.00 in qualifying purchases made to the card during the first six months after issuance.

2. Defendants' refusal to perform the material terms of the offer by crediting the SPG Starpoints® accounts of Plaintiff and the class give rise to their claims for (1) violation of Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2, (2) breach of contract, (3) promissory estoppel, and (4) unjust enrichment alleged herein.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2), as this is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which members of the class, which number in excess of 100, are citizens of states different from Defendants.

4. Personal jurisdiction over Defendants is proper under 735 ILCS 5/2-209(b)(4) (corporation doing business within this State), and Section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States). 735 ILCS 5/2-209(b)(4), and (c).

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because a substantial part of the events giving rise to the claim occurred in this district.

## PARTIES

6. Plaintiff, William Heilmann, is a natural person domiciled in Chicago, Illinois. Plaintiff is a member of the class an American Express SPG-branded credit cardholder and a member of the class defined herein.

7. Defendant American Express Bank, FSB ("American Express") is a federal savings bank chartered under the laws of the United States with its principal place of business located in Salt Lake City, Utah. American Express offers a wide range of charge cards and revolving credit cards, including the SPG-branded American Express cards issued to Plaintiff and the class.

- 3 -

8. Defendant Starwood Hotels & Resorts Worldwide, LLC ("Starwood"), is a limited liability company organized under the laws of the State of Maryland with its principal place of business located in Bethesda, Maryland. Starwood is an indirect wholly-owned subsidiary of Marriott International, Inc., a non-party.[1] Starwood owns and manages hotel properties, and manages vacation ownership resorts, throughout the United States.

9. Defendant Preferred Guest, Inc. ("Preferred Guest"), is a corporation organized under the laws of the State of Delaware with its principal place of business located in Stamford, Connecticut. Preferred Guest is a wholly-owned subsidiary of Starwood and operates the SPG loyalty program.

## BACKGROUND

10. American Express and Starwood have a long business relationship marketing American Express cards to consumers bearing the SPG name and logo and offering SPG Starpoints® loyalty program points for use toward stays at Starwood-owned properties.

11. Starwood Preferred Guest is Starwood's frequent guest incentive marketing program. SPG members earn points based on spending at its owned, managed and franchised hotels, as incentives to first-time buyers of VOIs and residences, and through participation in affiliated partners' programs such as the American Express co-branded credit card and airline travel. Points can be redeemed at substantially all of Starwood's owned, managed and franchised hotels as well as through other redemption opportunities with third parties, such as conversion to airline miles.

---

[1] In 2016, Starwood was acquired by Marriott International, which has a cobrand partnership with JPMorgan Chase Bank, N.A., a competing card issuer.

12. Beginning in or about 2016, American Express and Starwood offered credit card applicants an initial 25,000 SPG Starpoints® if they made the required $3,000.00 in purchases during the first three months after being approved for the card and an additional 10,000 SPG Starpoints® if they spent $2,000 within the first six months, for a total sign-up bonus of 35,000 SPG Starpoints®. The offer ended April 5, 2017.

13. An exemplar of the advertising materials promoting the offer is depicted below:



14. The SPG American Express card at issue has a variable annual percentage rate for purchases of ranging from the current Prime Rate plus 11.99 % to Prime Rate plus 15.99%, as well as a $95.00 annual fee.

15. An exemplar of the SPG American Express Card is depicted below:



16. Notwithstanding Plaintiff and the class' use of the card as required by the above terms of the offer, including making thousands of dollars in purchases, Defendants have failed to credit their SPG Starpoints® accounts with the promised 35,000 bonus points or have unreasonably delayed the crediting of their accounts well beyond the stated 8 to 12 weeks.

17. The experience of Plaintiff is not unique, as demonstrated by the anecdotes told by other members of the Class. *See, e.g.*, Sriram Srinivasan, *Missing Your SPG Amex Sign Up Bonus? You're Not Alone*, TRAVEL CODEX, Aug. 11, 2017, https://travelcodex.com/missing-spg-amex-bonus/ (last visited Sept. 26, 2017).

**FACTS RELATING TO PLAINTIFF**

18. In or about April 2017, Plaintiff applied for and was issued an SPG-branded American Express card in response to the above-described 35,000 SPG Starpoints® bonus offer.

19. Thereafter, during the period of April 19, 2017, through April 28, 2017, Plaintiff made more than $3,000.00 in qualifying purchases using his card, exceeding the threshold for receiving 25,000 SPG Starpoints®.

20. Thereafter, during the period April 28, 2017, through May 6, 2017, Plaintiff made an additional $2,000.00 in qualifying purchases using his card, exceeding the threshold for receiving an additional 10,000 SPG Starpoints®.

21. Despite having made more than $5,000.00 in qualifying purchases during the first month after being issued his SPG-branded American Express card, and although nearly five months have passed since Plaintiff made his last qualifying purchase, Defendants have failed to credit his SPG Starpoints® account with the promised points, as it has done to the countless other cardholders comprising the class, causing them damage as alleged herein.

## CLASS ACTION ALLEGATIONS

22. This action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a), as set forth below.

23. *Class Definition.* Plaintiff brings this action individually and on behalf of the following class of similarly situated persons (the "Class"), of which Plaintiff is a member:

> All American Express Starwood Preferred Guest® ("SPG")-branded credit card holders who qualified for an SPG Starpoints® welcome bonus but who did not receive such points within the stated timeframe or not at all.

Excluded from the Class are Defendants and any of their respective officers, directors or employees, the presiding judge, Class counsel and members of their immediate families, and persons or entities who timely and properly exclude themselves from the Class.

24. *Numerosity.* The members of the Class are so numerous and geographically dispersed throughout the United States such that joinder of all members is impracticable. Plaintiff believes that there are tens of thousands of persons in the Class. The exact number and identity of Class members is unknown to Plaintiff at this time and can only be ascertained from information and records in the possession, custody or control of Defendants.

25. *Commonality.* There are questions of law or fact common to the Class including, *inter alia*, the following:

    a. whether Defendants engaged in a pattern and practice of failing to credit, or causing others to fail to credit, the SPG Starpoints® accounts of Plaintiff and the class according to the terms of the offer;

    b. whether Defendants' acts and omissions alleged herein are prohibited by or violate the Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, including but not limited to whether or not Defendants acted with the requisite intent or acted willfully;

    c. whether the terms and conditions of the American Express SPG credit card bonus point offer constitute a valid and enforceable contract and whether Defendants breached the terms thereof;

    d. whether Plaintiff and the Class conferred a benefit on Defendants by using their credit cards to meet the spend threshold of the offer and whether it would be unjust for Defendants to retain such benefits under the circumstances alleged herein;

    e. whether the Court has subject matter jurisdiction and whether venue in this district is proper;

    f. whether Plaintiff and the members of the Class are entitled to their damages and the appropriate measure thereof;

    g. whether the claims of Plaintiff and the Class are subject to mandatory arbitration; and

    h. whether equitable or injunctive relief is appropriate.

26. *Typicality.* The claims of Plaintiff are typical of the claims of the Class alleged herein. Plaintiff and other members of the Class are all American Express SPG-branded credit card holders who qualified for an SPG Starpoints® welcome bonus but who did not receive such points within the stated timeframe or not at all.

27. *Adequacy.* Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel who are competent and experienced in the prosecution of complex and class action litigation. The interests of Plaintiff are aligned with, and not antagonistic to, those of the Class.

28. *Fed. R. Civ. P. 23(b)(2) Requirements.* The prerequisites to maintaining a class action for injunctive and equitable relief pursuant to Fed. R. Civ. P. 23(b)(2) exist, as Defendants have acted or has refused to act on grounds generally applicable to the Class thereby making appropriate final injunctive and equitable relief with respect to the Class as a whole.

29. Defendants' actions are generally applicable to the Class as a whole, and Plaintiff seeks, *inter alia*, equitable remedies with respect to the Class as a whole.

30. Defendants' uniform common course of conduct make declaratory relief with respect to the Class as a whole appropriate.

31. *Fed. R. Civ. P. 23(b)(3) Requirements.* This case satisfies the prerequisites of Fed. R. Civ. P. 23(b)(3). The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class, and a class action is the superior method for fair and efficient adjudication of the controversy.

32. The likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation,

especially in view of the relatively modest amount of monetary, injunctive and equitable relief at issue for individual Class members.

33. This action will be prosecuted in a fashion to ensure the Court's able management of this case as a class action on behalf of the Class.

## COUNT I

### (Violation of Section 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2)

34. Plaintiff repeats and realleges the allegations of the of Paragraphs 1 through 33, *supra*, as if fully set forth herein.

35. This Count is brought on behalf of Plaintiff and other Illinois Class members and on behalf of those Class members from other states that have enacted a uniform deceptive trade practices act in the same or substantially similar form as that described herein.

36. At all times material hereto, there was in full force and effect in this State an act commonly known as the Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq*.

37. Section 2 of ICFA prohibits "unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the 'Uniform Deceptive Trade Practices Act' [815 ILCS 510/2], approved August 5, 1965, in the conduct of any trade or commerce . . . whether any person has in fact been misled, deceived or damaged thereby." 815 ILCS 505/2.

38. At all times material hereto, there was in full force and effect in this State an act commonly known as the Uniform Deceptive Trade Practices Act ("UDAP"), 815 ILCS 510/2 *et seq.*, incorporated by reference in Section 2 of ICFA, *supra*.

39. Section 2 of UDAP provides in relevant part, "A person engages in a deceptive trade practice when, in the course of his or her business . . . the person . . . [1] advertises goods or services with intent not to sell them as advertised; [2] advertises goods or services with intent not to supply reasonably expectable public demand, unless the advertisement discloses a limitation of quantity; or [3] engages in any other conduct which similarly creates a likelihood of confusion or misunderstanding." 815 ILCS 510/2(a)(9), (10) and (12).

40. The acts and omissions of Defendants alleged herein constitute unfair or deceptive acts or practices prohibited by Section 2 of ICFA, 815 ILCS 505/2. Among other things, while engaged in trade or commerce, Defendants wilfully (1) falsely promised Plaintiffs and the Class bonus SPG Starpoints® in connection with the use of their American Express SPG-branded credit cards, (2) misrepresented the terms of the offer, including but not limited to the time within which such SPG Starpoints® would be credited to their accounts, if at all, and (3) concealed, suppressed or omitted the foregoing material facts in connection with the offer, with the intent that Plaintiff and the Class rely thereon, in violation of Section 2. *See* 815 ILCS 505/2.

41. Further, in violation of Section 2 of UDAP, Defendants advertised the SPG Starpoints® bonus offer (1) with the intent not to provide the SPG Starpoints® within the time promised, (2) with the intent not to supply reasonably expectable public demand for the bonus SPG Starpoints® without disclosing limited quantities thereof, and/or (3) created a likelihood of confusion or misunderstanding regarding the time the bonus SPG Starpoints® would be available for Plaintiff's and the Class' use. *See* 815 ILCS 510/2(a)(9), (10) and (12).

42. As a proximate cause the herein described deception, Plaintiffs and the Class have been damaged.

## COUNT II

### (Breach of Contract)

43. Plaintiff repeats and realleges the allegations of the of Paragraphs 1 through 33, *supra*, as if fully set forth herein.

44. As alleged herein, Defendants' offered to credit within 8 to 12 weeks the SPG Starpoints® accounts of Plaintiff and the Class with 25,000 bonus points if they made $3,000.00 in qualifying purchases using their SPG-branded American Express cards during the first three months after being approved for the card and with an additional 10,000 SPG Starpoints® if they spent $2,000 on qualifying purchases within the first six months.

45. Plaintiff and the Class accepted the aforesaid offer as indicated by the purchases they made with their SPG-branded American Express cards in accordance therewith.

46. Plaintiff and the Class gave good and valuable consideration for the aforesaid promise by making the thousands of dollars of purchases with their cards within the time allowed.

47. Notwithstanding the terms of the valid and enforceable contract alleged herein, Defendants breached their promise to Plaintiffs and the Class by not crediting their SPG Starpoints® accounts with the promised number of points within the 8 to 12 weeks promised or not at all.

48. As a natural and reasonably foreseeable result of the above-described breach by Defendants, Plaintiffs and the Class have sustained actual damages measurable by, *inter alia*, the value of the SPG Starpoints® they did not receive or, where they were credited to their accounts after the 8 to 12 weeks promised, the time value thereof.

## COUNT III

### (Promissory Estoppel)

49. Plaintiff repeats and realleges the allegations of the of Paragraphs 1 through 33, *supra*, as if fully set forth herein.

50. As alleged herein, Defendants' promised to timely credit, within 8 to 12 weeks, the SPG Starpoints® accounts of Plaintiff and the Class with 25,000 bonus points if they made $3,000.00 in qualifying purchases using their SPG-branded American Express cards during the first three months after being approved for the card and with an additional 10,000 SPG Starpoints® if they spent $2,000 on qualifying purchases within the first six months, which Defendants should have reasonably expected would induce Plaintiff and the Class to do so.

51. In reliance on the foregoing promise of Defendants, Plaintiff and the Class made thousands of dollars of purchases with their cards during the time allowed.

52. Injustice to Plaintiff and the Class can only be avoided by enforcing the promise of Defendants and ordering other appropriate injunctive relief.

## COUNT IV

### (Unjust Enrichment)

53. Plaintiff repeats and realleges the allegations of the of Paragraphs 1 through 33, *supra*, as if fully set forth herein.

54. Plaintiff and the Class conferred a benefit on American Express by opening their SPG-branded American Express accounts and by using their cards for purchases to obtain the SPG Starpoints® bonus.

55. American Express appreciated the benefits described above in the form of increased revenue and the acquisition of new American Express account holders.

56. Plaintiff and the Class conferred a benefit on Starwood and Preferred Guest by providing the latter with the promotion of the Starwood brand they sought by entering into their agreement with American Express to issue cards with SPG logo, brand name and trademark colors depicted in Paragraph 14, *supra*.

57. Starwood and Preferred Guest appreciated the benefits described above in the form of acquisition of new SPG Starpoints® customers and promotion of their brand.

58. Defendants' acceptance and retention of the aforesaid benefits under the circumstances alleged herein would be inequitable absent restitution made to Plaintiff and the Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of members of the Class, prays for judgment in his favor and against Defendants and for the following relief:

A. Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23, certifying the Class defined herein and designating Plaintiff as representative of the Class and his undersigned counsel as Class counsel;

B. Awarding Plaintiff and the Class (1) their actual damages, (2) such punitive damages as the Court may allow, and (3) the costs of this action together with reasonable attorneys' fees as determined by the Court;

C. Awarding Plaintiff and the Class all allowable pre- and post-judgment interest on the foregoing awarded damages;

D. Granting appropriate injunctive and declaratory relief; and

E. Awarding such other and further available relief and any other relief the Court deems just and appropriate.

- 14 -

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Date: September 27, 2017

WILLIAM HEILMAN, individually and on behalf of all others similarly situated

By:   s/ William M. Sweetnam

William M. Sweetnam
SWEETNAM LLC
100 North La Salle Street, Suite 2200
Chicago, Illinois 60602
(312) 757-1888
wms@sweetnamllc.com

*Attorneys for Plaintiff and the Class*